# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

**No. 09-1038**  **September Term 2010**

EPA-73FR64668
EPA-73FR64788

**Filed On:** January 11, 2011

American Petroleum Institute,
    Petitioner

v.

Environmental Protection Agency,
    Respondent

------------------------------

American Chemistry Council, et al.,
    Intervenors

------------------------------

Consolidated with 09-1041

    **BEFORE:**    Ginsburg, Rogers, and Griffith, Circuit Judges

### O R D E R

    Upon consideration of the lodging of settlement and motion to sever and hold No. 09-1041 in abeyance, the opposition thereto, the reply, the motion for leave to file a motion to dismiss, the oppositions thereto, the reply, the lodged motion to dismiss, the opposition thereto, the motion for an order directing that a corrected or supplemental index to the record be filed, the opposition thereto, and the reply, it is

    **ORDERED** that the motion to sever and hold No. 09-1041 in abeyance be granted and that No. 09-1041 be held in abeyance pending further order of the court. The Sierra Club and EPA are directed to file status reports at ninety-day intervals beginning ninety days from the date of this order. The Sierra Club and EPA are further directed to file motions to govern further proceedings within thirty days after the "final administrative action" contemplated in the parties' September 2010 settlement agreement. It is

    **FURTHER ORDERED** that the motion for leave to file a motion to dismiss be granted, subject to the merits panel's resolution of the movant's motion for leave to intervene. The Clerk is directed to file the lodged motion to dismiss. It is

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 09-1038**                                                                 **September Term 2010**

**FURTHER ORDERED** that, to the extent that the motion to dismiss concerns No. 09-1041, consideration of the motion to dismiss be deferred pending further order of the court.  It is

**FURTHER ORDERED** that, to the extent that the motion to dismiss concerns No. 09-1038, the motion to dismiss be referred to the merits panel to which No. 09-1038 is assigned.  The parties are directed to address in their briefs the issues presented in the motion to dismiss rather than incorporate those arguments by reference.  It is

**FURTHER ORDERED** that the motion for an order directing that a corrected or supplemental index to the record be filed also be referred to the merits panel to which No. 09-1038 is assigned.  The parties are directed to address in their briefs the issues presented in the motion rather than incorporate those arguments by reference.  Petitioner American Petroleum Institute shall file a supplemental appendix containing any documents that are at issue in the motion, cited in petitioner's briefs, and not currently included in the certified index to the record.  It is

**FURTHER ORDERED** that the following briefing format and schedule shall now apply in No. 09-1038:

| | |
|---|---|
| Brief of Petitioner American Petroleum Institute (not to exceed 14,000 words) | March 7, 2011 |
| Brief of Respondent EPA (not to exceed 14,000 words) | May 6, 2011 |
| Brief of Movant-Intervenor Gulf Chemical and Metallurgical Corporation (not to exceed 8,750 words) | May 27, 2011 |
| Reply Brief of Petitioner American Petroleum Institute (not to exceed 7,000 words) | June 27, 2011 |
| Deferred Appendix | July 11, 2011 |
| Supplemental Appendix | July 11, 2011 |
| Final Briefs | July 25, 2011 |

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 09-1038**                                                        **September Term 2010**

The brief of petitioner American Petroleum Institute due on March 7, 2011, shall replace, rather than supplement, the brief filed on September 16, 2010.  The parties will be informed by separate order of the date of oral argument and the composition of the merits panel.  The court reminds the parties that

> In cases involving direct review in this court of administrative actions, the brief of the appellant or petitioner must set forth the basis for the claim of standing. . . .  When the appellant's or petitioner's standing is not apparent from the administrative record, the brief must include arguments and evidence establishing the claim of standing.

See D.C. Cir. Rule 28(a)(7).

    Parties are strongly encouraged to hand deliver the paper copies of their briefs to the Clerk's office on the date due.  Filing by mail may delay the processing of the brief.  Additionally, counsel are reminded that if filing by mail, they must use a class of mail that is at least as expeditious as first-class mail.  See Fed. R. App. P. 25(a).  All briefs and appendices must contain the date that the case is scheduled for oral argument at the top of the cover.  See D.C. Cir. Rule 28(a)(8).

**Per Curiam**